UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SPRAY DRIFT TASK FORCE,                    )
1900 K Street, NW
Washington, D.C. 20006

        Claimant,

      v.

BURLINGTON BIO-MEDICAL                     )
CORPORATION, a/k/a/ Burlington             )
Scientific Corporation,                    )
71 Carolyn Blvd.                           )
Farmingdale, NY 11735                      )
                                           )
        Defendant.                        )
                                           )

CASE NUMBER  1:05CV01726

JUDGE: John Garrett Penn

DECK TYPE: General Civil

DATE STAMP: 08/30/2005

## PETITION OF SPRAY DRIFT TASK FORCE TO CONFIRM ARBITRATION AWARD

Pursuant to Section 3(c)(1)(F) of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136a(c)(1)(F), and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, Spray Drift Task Force ("SDTF") respectfully petitions for an order confirming an arbitration award dated August 24, 2005 against Respondent Burlington Bio-Medical Corporation, a.k.a. Burlington Scientific Corporation ("Burlington"), and entry of judgment upon the Award of Arbitrator ("Award") in the amount of $671,472.00 plus interest and late-payment interest as specified in the award.

On August 24, 2005, James P. Mercurio, an arbitrator appointed by the American Arbitration Association ("AAA"), concluded an arbitration held in Washington, D.C. by issuing the Award (Exhibit A) that requires Burlington to pay SDTF at total of $671,472.00 – $669,847.00 for reliance on SDTF's data in support of Burlington's application for registration of the pesticide carbaryl plus $1,625.00 for Burlington's share of the administrative fees and

1

expenses – as well as interest accruing between the date payment is due under the Award and the date of final payment. The Award requires Burlington to pay the amount of $669,847.00 within sixty (60) days of the date of the Award, or October 24, 2005, and the amount of $1,625.00 within thirty (30) days of the date of the Award, or September 24, 2005. Burlington has stated that it will not pay the Award. To enforce the terms of the Award, SDTF petitions for confirmation of the Award and entry of judgment thereon.

In addition to seeking confirmation of the Award, SDTF also seeks immediate registration of the judgment in other United States District Courts for purpose of execution pursuant to 28 U.S.C. § 1963, which permits registration of a judgment in another district before the time to appeal has expired upon showing good cause. Good cause is shown by: (1) an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum; and (2) refusal or failure to post a supersedeas bond. Burlington has substantial property located outside the District of Columbia and no assets in the District for satisfaction of the judgment on the Award. Moreover, Burlington has not posted a supersedeas bond. To the contrary, Burlington has stated that it will not pay the Award. Accordingly, good cause exists for this Court to authorize immediate registration of its judgment for the purpose of execution in other United States District Courts, even though the time for appeal has not yet expired.

Counsel for SDTF has conferred several times with counsel for Burlington regarding this petition, but has not been able to obtain a definitive answer as to whether Burlington consents to or opposes the relief requested.

WHEREFORE, SDTF requests that this Court issue an order (1) confirming the Award; (2) directing the entry of judgment upon the Award in the amount of $671,472.00, plus interest

calculated in accordance with the terms of the Award; (3) granting leave to register the Court's

judgment in other United States District Courts for purposes of execution; and (4) granting such

other relief as is just and proper.

Dated: August 30, 2005

Respectfully submitted,

Peter L. Gray
D.C. Bar No. 397544

Taryn G. Kiekow
D.C. Bar No. 479082

McKenna Long & Aldridge LLP
1900 K Street, N.W., Suite 100
Washington, D.C. 20006
(202) 496-7500
Counsel to Claimant, SDTF

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SPRAY DRIFT TASK FORCE,                )
1900 K Street, NW                      )
Washington, D.C. 20006                 )
                                       )
                Claimant,              )        C.A. No. _____
                                       )
        v.                             )
                                       )
BURLINGTON BIO-MEDICAL                 )
CORPORATION, a/k/a/ Burlington         )
Scientific Corporation,                )
71 Carolyn Blvd.                       )
Farmingdale, NY 11735                  )
                                       )
                Defendant.             )
                                       )

## POINTS AND AUTHORITIES IN SUPPORT OF THE PETITION OF SPRAY DRIFT TASK FORCE TO CONFIRM ARBITRATION AWARD

Pursuant to Local Rule 7, the Spray Drift Task Force ("SDTF") hereby submits this

Statement of Points and Authorities in Support of its Petition to Confirm Arbitration Award.

1.      On August 24, 2005, James P. Mercurio, an arbitrator appointed by the American

Arbitration Association ("AAA"), concluded an arbitration held in Washington, D.C. by issuing

an Award of Arbitrator ("Award") (Exhibit A) that requires Burlington Bio Medical Corporation,

a.k.a. Burlington Scientific Corporation ("Burlington"), to pay the SDTF at total of $671,472.00

– $669,847.00 for reliance on the SDTF's data in support of Burlington's application for

registration of the pesticide carbaryl plus $1,625.00 for Burlington's share of the administrative

fees and expenses – as well as interest accruing between the date payment is due under the

Award and the date of final payment. *In the Matter of the Arbitration Between the Spray Drift

Task Force and Burlington Bio-Medical Corporation,* AAA Docket No. 16 171 00474 03.  The

Award requires Burlington to pay the amount of $669,847.00 within sixty (60) days of the date

of the Award, or October 24, 2005, and the amount of $1,625.00 within thirty (30) days of the

date of the Award, or September 24, 2005. Burlington has stated that it will not pay the Award.

To enforce the terms of the Award, the SDTF petitions for confirmation of the Award and entry

of judgment thereon.

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332

(diversity of citizenship); 28 U.S.C. § 1331 (federal question); and 7 U.S.C. § 136a(c)(1)(F)

(Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA")). Venue in this court is proper

pursuant to Section 37(c) of the FIFRA Arbitration Rules (29 C.F.R. Part 1440, Appendix); 9

U.S.C. § 9 (Federal Arbitration Act); and 28 U.S.C. § 1391 (general venue statute). Section 9 of

the Federal Arbitration Act states that, if the parties do not specify which court may confirm an

arbitration award, then "such application may be made to the United States court in and for the

district within which such award was made." 9 U.S.C. § 9. The parties have not previously

specified which court may confirm the award.

3.    The SDTF is a joint venture organized under the laws of the District of Columbia,

located at 1900 K St., N.W., Washington, D.C. 20006. SDTF was formed on April 17, 1990

pursuant to a Joint Data Development Agreement for the purpose of developing, acquiring and

owning pesticide spray drift data needed to satisfy the members' data requirements for

registering their pesticide products under FIFRA in the United States and under Canadian law.

The SDTF presently consists of 42 members, all of whom produce pesticide products.

4.    Burlington is a corporation formed under the laws of the State of New Jersey,

with its principle place of business at 71 Carolyn Blvd., Farmingdale, N.Y. 11735. Burlington

manufactures pesticide and chemical products, including products containing the pesticide

carbaryl, intended for sale in interstate commerce in the United States.

5.     Section 3 of FIFRA requires that all pesticide products sold in the United States be registered with the Environmental Protection Agency ("EPA"). To obtain a pesticide registration, the applicant must demonstrate to EPA that the pesticide "will perform its intended function without unreasonable adverse effects on the environment." FIFRA § 3(c)(5), 7 U.S.C. § 136a(c)(5). To make this showing, the first party seeking to register a pesticide product generally must submit extensive test data on the product. 40 C.F.R. pt. 158. Subsequent applicants seeking to register a pesticide product that is identical or substantially similar to a previously registered product may cite and rely on the studies already submitted to EPA by a prior registrant of the product. FIFRA § 3(c)(1)(F).

6.     An applicant that supports its registration by citing previously submitted data must offer to compensate the original data submitter for such reliance. FIFRA § 3(c)(1)(F)(iii), 7 U.S.C. § 136a(c)(1)(F)(iii). If the applicant and that original data submitter cannot agree on the amount and terms of compensation within ninety days of tendering the offer, either party may initiate binding arbitration proceedings, which are conducted by private arbitrators under the auspices of the Federal Mediation and Conciliation Service ("FMCS"). The FMCS has delegated most of its authority to the AAA. 29 C.F.R. § 1440.1(b).

7.     Burlington utilized the SDTF's spray drift database on file with EPA to support Burlington's applications for its registration of the pesticide carbaryl. When Burlington and the SDTF could not agree on the terms of the compensation, the SDTF commenced an arbitration proceeding to resolve the dispute pursuant to FIFRA § 3(c)(1)(F)(iii), 7 U.S.C. § 136a(c)(1)(F)(iii).

8.     Pursuant to the FIFRA Arbitration Rules, James P. Mercurio, Esq. was appointed by the AAA to conduct the arbitration. He conducted a full evidentiary hearing in Washington, D.C. on March 14-16, 2005, in which Burlington elected not to participate.

9.     On August 24, 2005, Arbitrator Mercurio issued the Award in the District of Columbia. The Award was issued in accordance with FIFRA § 3(c)(1)(F), as well as EPA's implementing regulations and the AAA procedural rules, and is in all respects proper. The AAA served a copy of the Award on each of the parties by facsimile and U.S. Priority Mail. The Award requires full payment in the amount of $669,847.00 within sixty (60) days of the date of the Award, or October 24, 2005, and the amount of $1,625.00 within thirty (30) days of the date of the Award, or September 24, 2005, and assesses an additional late-payment interest charge on the total due for each day after the payment is due.

10.    The Award is attached hereto as Exhibit A, along with a declaration from the SDTF's counsel in the arbitration proceeding authenticating the document.

11.    Confirmation of the Award is proper. By participating in the mandatory licensing and data compensation scheme under FIFRA, Burlington and SDTF have agreed to confirmation of the Award and entry of judgment thereon in accordance with FIFRA Arbitration Rule 37(c), 29 C.F.R. Part 1440, Appendix, and the Federal Arbitration Act, 9 U.S.C. §§ 1-16. FIFRA Arbitration Rule 37(c) states: "Parties to these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any Federal or State Court having jurisdiction thereof." 29 C.F.R. Part 1440, Appendix.

12.    In addition to seeking confirmation of the arbitration award, the SDFT also seeks immediate registration of the judgment in other United States District Courts for purpose of execution pursuant to 28 U.S.C. § 1963. That statute provides, in relevant part:

> A judgment in an action for the recovery of money or property . . .
> may be registered by filing a certified copy of the judgment in any
> other district . . . when the judgment has become final by appeal or
> expiration of the time for appeal or when ordered by the court that
> entered the judgment for good cause shown.

28 U.S.C. § 1963.

13.    This Court has adopted a two part test for establishing good cause: (1) an absence

of assets in the judgment forum, coupled with the presence of substantial assets in the

registration forum; and (2) refusal or failure to post a supersedeas bond. *Cheminova v. Griffin*,

182 F. Supp. 2d 68, 80 (D.D.C. 2002).

14.    Burlington has substantial property located outside the District of Columbia and

no assets in the District for satisfaction of the judgment on the Award. See Declaration

Regarding Location of Assets (attached). In addition, Burlington has not posted a supersedeas

bond. To the contrary, Burlington has advised SDTF counsel that it will not pay the award.

Accordingly, good cause exists for this Court to authorize immediate registration of its judgment

for the purpose of execution in other United States District Courts, even though the time for

appeal has not yet expired. *See Johns v. Rozet*, 143 F.R.D. 11, 12-13 (D.D.C. 1992) (granting

motion for leave to register judgment in another district); *AT&T Corp. v. Public Service*

*Enterprises of Pennsylvania, Inc.*, 1999 WL 672543, *6 (S.D.N.Y. 1999) (simultaneously

granting motion to confirm arbitration award and request to register judgment in another district).

This does not affect or diminish Burlington's right to post a supersedeas bond if it believes an

appeal is warranted.

For the foregoing reasons, SDTF respectfully requests that this Court issue an order

(1) confirming the Award; (2) directing the entry of judgment upon the Award in the amount of

$671,472.00, plus interest calculated in accordance with the terms of the Award; (3) granting

leave to register the Court's judgment in other United States District Courts for purposes of

execution; and (4) granting such other relief as is just and proper.

Dated: August 30, 2005

                                        Respectfully submitted,

                                        Peter L. Gray
                                        D.C. Bar No. 397544

                                        Taryn G. Kiekow
                                        D.C. Bar No. 479082

                                        McKenna Long & Aldridge LLP
                                        1900 K Street, N.W., Suite 100
                                        Washington, D.C. 20006
                                        (202) 496-7500
                                        Counsel to Claimant, SDTF

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SPRAY DRIFT TASK FORCE,  )
1900 K Street, NW  )
Washington, D.C. 20006  )
  )
　　　Claimant,  )
  )
  )
　　v.  )
  )
BURLINGTON BIO-MEDICAL  )
CORPORATION, a/k/a/ Burlington  )
Scientific Corporation,  )
71 Carolyn Blvd.  )
Farmingdale, NY 11735  )
  )
　　　Defendant.  )
  )

C.A. No. _____

## DECLARATION AUTHENTICATING AWARD OF ARBITRATOR

Peter L. Gray declares the following:

1.　　I served as counsel of record for Claimant Spray Drift Task Force ("SDTF") in an arbitration proceeding between SDTF and Burlington Bio-Medical Corporation, a.k.a. Burlington Scientific Corporation ("Burlington"), identified as *In the Matter of the Arbitration Between SDTF and Burlington*, AAA Docket No. 16 171 00474 03.

2.　　The attached document is a true and correct copy of the Award of Arbitrator issued by Arbitrator Mercurio on August 24, 2005 in *In the Matter of the Arbitration Between SDTF and Burlington*, AAA Docket No. 16 171 00474 03 (Exhibit A).

3.　　I received the attached document from the American Arbitration Association on August 25, 2005 at the offices of McKenna Long & Aldridge LLP, 1900 K Street N.W., Suite 100, Washington, D.C., 20006.

I certify under penalty of perjury that the foregoing is true and correct.  Executed this

30th day of August, 2005.

Peter L. Gray
D.C. Bar No. 397544
McKenna Long & Aldridge LLP
1900 K Street, N.W., Suite 100
Washington, D.C. 20006
(202) 496-7500
Counsel to Claimant, SDTF

# ATTACHMENT  A



American Arbitration Association

*Dispute Resolution Services Worldwide*

Southeast Case Management Center
Chauncey B. Davis
Vice President

2200 Century Parkway, Suite 300, Atlanta, GA 30345
telephone: 404-325-0101 facsimile: 404-325-8034
Internet: http://www.adr.org/

# FAX

Date:  August 25, 2005

**To**
Peter Gray, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, DC  20006

Robert Ansell, Esq. for
Frank Monteleone
M2 Technologies, Inc.
71 Carolyne Boulevard
Farmingdale, NY  11735-1527

Fax Number:  202-496-7756; 516-479-6301

From:  Carmen Frobos

Number of Pages:  (including cover)  4

Re:  16 171 Y 00474 03
     Spray Drift Task Force
     and
     Burlington Bio-Medical Corporation
     f/k/a Burlington Scientific Corporation

**MESSAGE:**  Dear Parties:  Enclosed is the final award in this matter.  The Association mailed each party a copy of the award with the attached memorandum today via U.S. Priority Mail.

Sincerely,

Carmen Frobos

Copy to:  James P. Mercurio, Esq.

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS
ADDRESSED.  IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR
OTHERWISE EXEMPT FROM DISCLOSURE.  IF YOU ARE NOT THE INTENDED RECIPIENT OR THE
PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY
NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED.  IF YOU HAVE RECEIVED THIS
FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED
ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

 American Arbitration Association
*Dispute Resolution Services Worldwide*

Southeast Case Management Center
Chauncey B. Davis
Vice President

August 25, 2005

2200 Century Parkway, Suite 300, Atlanta, GA 30345
telephone: 404-325-0101 facsimile: 404-325-8034
internet: http://www.adr.org/

VIA U.S PRIORITY MAIL

Peter Gray, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, DC 20006

Robet Ansell, Esq.
Silverman Perlstein Acampora, LLP
100 Jericho Quadrangle
Suite 300
Jericho, NY 11733

VIA U.S. CERTIFIED MAIL

Frank Monteleone
M2 Technologies, Inc.
71 Carolyne Boulevard
Farmingdale, NY 11735-1527

Re: 16 171 Y 00474 03
     Spray Drift Task Force
     and
     Burlington Bio-Medical Corporation
     f/k/a Burlington Scientific Corporation

Dear Parties:

By direction of the Arbitrator we herewith transmit to you the duly executed Award in the above matter. This serves as a reminder that there is to be no direct communication with the Arbitrator. All communication shall be directed to the Association.

At this time we have verified with the arbitrators that they have submitted all requests for compensation and expenses in this matter. Accordingly, we have conducted a final reconciliation of the finances and are providing each party with a Financial History and Compensation Summary. If a party had any unused compensation deposits, we have issued a refund check that should arrive in the mail shortly. If a party has an outstanding balance, that party will continue to receive cyclical invoices until the balance is paid.

Note that the financial reconciliation reflects costs as they were incurred during the course of the proceeding. Any apportionment of these costs by the arbitrator, pursuant to the Rules, will be addressed in the award and will be stated as one party's obligation to reimburse the other party for costs incurred. Any outstanding balances the parties may have with the AAA for the costs incurred during the arbitration proceedings remain due and payable to the AAA even after the final award is issued, and regardless of the arbitrator's apportionment of these costs between the parties in the award.

A copy of your current invoice is enclosed.

Please be reminded the Accelerated Exchange Program is terminated. All communications shall be directed to the Association.

We appreciate your selection of the AAA as your alternative dispute resolution provider in this matter. As always, please do not hesitate to contact me if you have any questions.

Sincerely,

Carmen Frobos
Case Manager
888 320 4606
Frobosc@adr.org

Jean Rain
Supervisor
800 305 5608
RainJ@adr.org

Encl.

cc:     James P. Mercurio, Esq.



# AMERICAN ARBITRATION ASSOCIATION
## ARBITRATION TRIBUNAL

In the Matter of the Arbitration between

Spray Drift Task Force, Claimant
and
Burlington Bio-Medical Corporation,
f/k/a Burlington Scientific Corporation, Respondent

Re:   16 171 Y 00474 03

## AWARD OF ARBITRATOR

I, the undersigned arbitrator, having been appointed under 29 CFR Part 1440 Appendix, the arbitration rules promulgated pursuant to Section 3(c)(1)(F)(iii) of the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136-136y ("FIFRA"), having been duly sworn and having heard the allegations of the parties and the proof of the claimant, the respondent having failed to appear or otherwise to offer any proof after due notice by mail in accordance with 29 . CFR Part 1440 Appendix, hereby AWARD as follows:

    1.    Respondent Burlington Bio-Medical Corporation f/k/a Burlington Scientific Corporation ("Burlington") shall pay to claimant Spray Drift Task Force ("SDTF"), within sixty (60) days of the date of this Award, the sum of $669,847.00, an amount that I find, by a preponderance of the evidence, fair compensation under FIFRA Section 3(c)(1)(F) for Burlington's reliance, in support of its application for registration of the pesticide carbaryl, upon data that SDTF submitted to the United States Environmental Protection Agency ("EPA") prior to September 22, 2000.

    2.    The administrative fees and expenses of the American Arbitration Association (the "Association") totaling $3,700.00, and the compensation and expenses of the arbitrator totaling $41,699.90 shall be borne by the parties equally. Therefore, Burlington shall reimburse SDTF the sum of $1,625.00 representing that portion of the Association's fees and expenses in excess of the apportioned costs previously incurred by SDTF. All payments under this paragraph 2 shall be made within thirty days (30) days of the date of this Award.

    3.    Interest at the rate of six and one-half (6.5) percent per annum, shall accrue on all or any portion of an amount payable under this Award that is not paid when due. Such interest shall run on the unpaid portion of the amount payable from the date this Award directs the amount to be paid until the day the amount is paid in full. This provision for payment of interest shall not affect the due date for any payment.

    4.    Upon Burlington's compliance with the payment obligations imposed in this Award, Burlington's compensation obligation to SDTF for all present and future reliance by

Burlington, in support of its carbaryl registrations and any other applications to EPA, upon data that SDTF submitted to the EPA prior to September 22, 2000 shall be fully discharged.

5.    This award is in full settlement of all claims submitted in this arbitration. All claims not expressly granted in this arbitration are hereby DENIED.

ENTERED this 24th day of August 2005.

James P. Mercurio
Arbitrator

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SPRAY DRIFT TASK FORCE,                    )
1900 K Street, NW                          )
Washington, D.C. 20006                     )
                                           )
                Claimant,                  )          C.A. No. _____
                                           )
        v.                                 )
                                           )
BURLINGTON BIO-MEDICAL                     )
CORPORATION, a/k/a/ Burlington             )
Scientific Corporation,                    )
71 Carolyn Blvd.                           )
Farmingdale, NY 11735                      )
                                           )
                Defendant.                 )
                                           )

## DECLARATION REGARDING LOCATION OF ASSETS

I, Peter L. Gray, declare the following:

1.      I am a partner with the law firm of McKenna Long & Aldridge LLP, which was

counsel to Spray Drift Task Force ("SDTF") in the arbitration proceeding *In the Matter of the*

*Arbitration Between SDTF and Burlington,* AAA Docket No. 16 171 00474 03.

2.      I have conducted due diligence to ascertain the location of the assets of

Burlington Bio-Medical Corporation, a.k.a. Burlington Scientific Corporation ("Burlington"), for

purposes of execution of a judgment against Burlington.  I have reviewed publicly available

information and materials exchanged by the parties in discovery in the arbitration proceeding

described above.

3.      I have been unable to locate any assets of Burlington in the District of Columbia.

On information and belief, Burlington has substantial assets in the state of New York.

I certify under penalty of perjury that the foregoing is true and correct.  Executed this

30th day of August, 2005.

Peter L. Gray
D.C. Bar No. 397544
McKenna Long & Aldridge LLP
1900 K Street, N.W., Suite 100
Washington, D.C. 20006
(202) 496-7500
Counsel to Claimant, SDTF

## CERTIFICATE OF SERVICE

I hereby certify that service of process by the U.S. Marshal (USM-285) was requested

with regard to the foregoing Petition to Confirm Arbitration Award and all attachments on

August 30, 2005 and, furthermore, copies were also served by certified first-class mail, postage

prepaid, on August 30, 2005 to:

Robert J. Ansell
Silverman Perlstein & Acampora LLP
100 Jericho Quadrangle, Suite 300
Jericho, NY 11753
(516) 479-6300

Counsel for Defendant, Burlington

Burlington Bio-Medical Corporation
71 Carolyn Blvd.
Farmingdale, NY 11735

Frank P. Monteleone
Chief Operating Officer
Burlington Scientific Corporation
71 Carolyn Boulevard
Farmingdale, NY 11735-1527

Defendant

Peter L. Gray
Taryn G. Kiekow