UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-----------------------------------------------------------------------X
SPRAY DRIFT TASK FORCE,

                               Plaintiff,

       -against-

BURLINGTON BIO-MEDICAL
CORPORATION, a/k/a BURLINGTON
SCIENTIFIC CORPORATION,

                               Defendant.
-----------------------------------------------------------------------X

05-CV-1726 (JGP)

**AFFIRMATION IN SUPPORT
OF OPPOSITION TO CONFIRM
ARBITRATION AWARD**

    **ROBERT J. ANSELL**, an attorney duly admitted to practice law before the Courts of this State, affirms the following under penalties of perjury:

    1.    I am a member of Silverman Perlstein & Acampora LLP, the attorneys for the defendant in this matter. As such, I am familiar with all the facts and circumstances set forth herein based upon conversations with my client and a review of the file maintained by my office.

    2.    I submit this affirmation in opposition to plaintiff's petition to confirm a certain arbitration award entered by the American Arbitration Association against Burlington Bio-Medical Corporation a/k/a Burlington Scientific Corporation ("Burlington").

**SPRAY DRIFT SHOULD NOT BE PERMITTED
TO REGISTER ANY JUDGMENT AT THIS TIME**

    3.    In support it is petition to confirm the arbitration award, Spray Drift alleges that good cause exists for the immediate registration of any judgment issuing herein for purposes of execution pursuant to 28 U.S.C. §1963. However, as set forth below, Spray Drift's request for immediate registration must be denied because the provision of Section 1963 upon which Spray Drift relies is inapplicable in the instant case and registration of any judgment issuing herein would be premature.

    4.    Section 1963 of the United States Code provides:

> A judgment in an action for recovery of money or property entered in
> any court of appeals, district court, bankruptcy court, or in the Court
> of International Trade may be registered by filing a certified copy of

>the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. 28 U.S.C. §1963.

5. Under the statute, the court may only order the registration of a judgment in another district for good cause <u>when an appeal is pending</u>. See <u>Educational Employees Credit Union v. Mutual Guaranty Corp.</u>, 154 F.R.D. 233 (E.D. Mo. 1994), reversed on other grounds, 50 F.3d 1432 (8th Cir. 1995).

6. In <u>Educational Employees</u>, the plaintiff sought leave to register a judgment in order to execute upon the judgment. The court, in reviewing the case law from various districts, including <u>Johns v. Rozet</u>, 143 F.R.D. 11 (D.D.C. 1992), upon which Spray Drift relies, found that the majority of courts that have addressed the statute since its 1988 amendment have done so in the context of a pending appeal." <u>Educations Employees</u>, 154 F.R.D. at 235. Since no appeal was pending, and despite plaintiff's citation to authority from the District of New Jersey, the court denied plaintiff's request to prematurely register the judgment under Section 1963 commenting that "the [c]ourt believes that the Seventh Circuit and the District of Columbia courts provide stronger support [than the authority cited by plaintiff] for the application of the "Good Cause Shown" clause of amended §1963 <u>only during the pendency of an appeal</u>." <u>Id</u>. (emphasis added).

7. Further, the <u>Educational Employees</u> court specifically relied upon the District Court of Columbia's decision in <u>Johns</u> in support of its decision to deny plaintiffs' premature request to register the judgment because, in <u>Johns</u>, an appeal was pending. In fact, in rendering its decision, the <u>Johns</u> court found that it only had jurisdiction to determine the issue of registration of the judgment "<u>[b]ecause an appeal [was] pending</u>." <u>Id</u>. ("Because an appeal is pending, §1963 provides that the Court may only grant plaintiffs' motion 'for good cause shown.'"). Thus, Spray Drift's reliance upon <u>Johns</u> is misplaced because that case involved an appeal of the judgment.

8. Spray Drift's reliance upon <u>Cheminova A/S v. Griffin L.L.C.</u>, 182 F. Supp.2d 68 (D.D.C. 2002), is also misplaced as that case is distinguishable on it facts. In <u>Cheminova</u>, the court <u>denied</u>

the plaintiff's request to register the judgment under Section 1963 and, in rendering its decision, the court <u>did not address</u> the issue of whether plaintiff had a right to register the judgment where an appeal was not pending. Thus, <u>Cheminova</u> is inapplicable to the instant case.

9. Clearly, because a judgment has not yet been rendered by the Court in this action, no appeal has been taken by Burlington. Moreover, even assuming, <u>arguendo</u>, that the Court enters judgment against Burlington in this action, Spray Drift would not be entitled to registration of such judgment until such time as Burlington appeals same.

10. Additionally, even assuming, <u>arguendo</u>, that the provision was applicable, no cause exists for registration of any judgment at this time because Burlington has not refused nor failed to post a supersedeas bond. See <u>Cheminova</u>, 182 F. Supp. at 80 ("permission to register should be deferred until after a judgment debtor refuses or fails to post a supersedeas bond"). Spray Drift has presented no evidence to demonstrate that it has requested that Burlington post a bond. Moreover, the petition is not supported by an affidavit of a person with knowledge or other competent evidence to demonstrate that Burlington refused any such request.

11. For the foregoing reasons, Spray Drift's request to register any judgment issued by the Court is premature and, thus, Spray Drift's request to register any judgment should be denied.

Date:   Jericho, New York
        October 11, 2005

                                        s/Robert J. Ansell
                                        ROBERT J. ANSELL

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
------------------------------------------------------------------------X
SPRAY DRIFT TASK FORCE,

                        05-CV-1726 (JGP)

                Plaintiff,

      -against-                        **AFFIDAVIT OF SERVICE**

BURLINGTON BIO-MEDICAL
CORPORATION, a/k/a BURLINGTON
SCIENTIFIC CORPORATION,

                Defendant.
------------------------------------------------------------------------X

STATE OF NEW YORK    )
                                  ) ss.:
COUNTY OF NASSAU     )

      **JENNIFER BARBARO** being duly sworn, deposes and says:

      Deponent is not a party to the action, is over 18 years of age and resides in West Babylon, New York.

      On October 11, 2005 deponent served the within **AFFIRMATION IN SUPPORT OF OPPOSITION TO CONFIRM ARBITRATION AWARD** by regular mail delivery to the address listed below, said address designated for that purpose, by depositing a true copy of same enclosed in a properly addressed wrapper, in an official depository under the exclusive care and custody of United States Postal Service within the State of New York.

To:    Peter L. Gray, Esq.
       McKenna Long & Aldridge LLP
       Attorneys for plaintiff
       1900 K Street, N.W., Suite 100
       Washington, D.C.   20006

                                                                s/ Jennifer Barbaro
                                                                **JENNIFER BARBARO**

Sworn to before me this
12th day of October, 2005

s/ Amy H. Su
Notary Public

Amy H. Su
Notary Public, State of New York
No. 01SU6093629
Qualified in Queens County
Commission Expires June 2, 2007

JB/D201726v/F048413