UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SPRAY DRIVT TASK FORCE, )<br> )<br> )<br> )<br> Claimant, )<br> )<br> v. )<br> )<br>BURLINGTON BIO-MEDICAL )<br>CORPORATION, a/k/a/ Burlington )<br>Scientific Corporation, )<br> )<br> )<br> Defendant. )<br> )<br> )<br> ) | C.A. No. 1:05-CV-01726-JGP |

**CLAIMANT'S REPLY IN SUPPORT OF ITS**
**PETITION TO CONFIRM ARBITRATION AWARD**

Pursuant to Local Rule 7(d), Plaintiff Spray Drift Task Force ("SDTF") submits this reply memorandum in response to the "Affirmation in Support of Opposition to Confirm Arbitration Award" ("Affirmation") filed by Defendant Burlington Bio-Medical Corporation, a.k.a. Burlington Scientific Corporation ("Burlington") on October 18, 2005. Because Burlington does not oppose confirmation of the arbitration award, this Court should enter a judgment confirming the award. Moreover, because SDTF has shown good cause to immediately register the judgment in the United States District Courts in New York, the Court should order that SDTF may register it there now.

**BACKGROUND**

On August 30, 2005, SDTF filed with this Court a Petition to Confirm Arbitration Award ("Petition") in an arbitration between SDTF and Burlington. Following the procedure set forth by 9 U.S.C. § 9, SDTF perfected service of process via a U.S. Marshall. The U.S. Marshall's Service served Burlington through Frank P. Monteleone, Chief Operating Officer of Burlington, on

September 6, 2005. The Clerk of this Court received the Acknowledgement of Receipt of Service on September 16, 2005, as confirmed by the docket entry number four (4).

Burlington's deadline for answering the Petition was September 26, 2005, as confirmed by the docket entry number four (4). On September 19, 2005, Burlington's outside counsel, Robert Ansell of Silverman Perlstein & Acampora LLP, requested that SDTF consent to an extension of time until October 7, 2005 for answering the Petition, which is memorialized in the enclosed letter from Mr. Ansell. (Exhibit A.) SDTF orally consented to the extension, but Burlington did not file with this Court a motion for extension of time to answer the Petition. Rather, on October 7, 2005, Burlington's counsel requested SDTF to consent to an additional one-week extension of time to answer the Petition. (Exhibit B.) SDTF did not consent to this request but instead consented to an extension of time until Tuesday, October 11, 2005. (Exhibit C.) Once again, Burlington did not file a motion for extension of time to answer the Petition with this Court. Burlington states in its Certificate of Service that it mailed the Affirmation to SDTF on Tuesday, October 11, 2005, but it did not file the Affirmation with this Court until Tuesday, October 18, 2005. Burlington has served no other paper on SDTF.

As a matter of procedure, neither the Affirmation nor any other opposition was filed timely with the Court, and on this basis alone the Court may reject the Affirmation, enter a default judgment, confirm the arbitration award and grant SDTF's request to register the award in the United States District Courts in New York. If instead the Court should consider Burlington's Affirmation on the merits, the result should be the same.

**ARGUMENT**

I. **BECAUSE BURLINGTON DOES NOT OPPOSE CONFIRMATION, THE COURT SHOULD IMMEDIATELY ENTER A JUDGMENT CONFIRMING THE AWARD**

In its Affirmation, Burlington does not challenge either the arbitration award itself or the confirmation of the arbitration award. Burlington has not moved to vacate, modify or correct the arbitration award.[1] Rather than oppose confirmation of the arbitration award, Burlington argues only that registering the judgment in another district pursuant to 28 U.S.C. § 1963 would be premature because Burlington has not yet filed an appeal. By failing to challenge the confirmation, however, Burlington effectively concedes the validity of the arbitration award. Since Burlington did not interpose an objection to confirmation, this Court should enter a judgment confirming the award.

II. **BECAUSE THERE IS GOOD CAUSE TO REGISTER THE JUDGMENT IN NEW YORK, THE COURT SHOULD ORDER THAT SDTF MAY REGISTER THE JUDGMENT THERE**

While effectively conceding that a judgment of confirmation is appropriate, Burlington argues that the Court may not order that the judgment be registered in another district because Burlington has not yet appealed the judgment. Burlington's argument makes no sense. Having interposed no objection to confirmation and thereby having effectively conceded that the judgment that SDTF seeks is appropriate, Burlington has no grounds for appeal or for delaying registration of the Court's judgment in New York courts. Delaying registration of the judgment for an appeal that will never occur would needlessly delay collection and give Burlington an opportunity to continue

---

[1] Under the statute governing the arbitration, the award may be challenged only upon a showing of fraud, misrepresentation or other misconduct, and Burlington has not attempted to make such a showing. *See* Section 3(c)(1)(F)(iii) of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136a(c)(1)(F)(iii).

its efforts to avoid paying the award by moving assets or otherwise hiding them from collection. Burlington's argument also is contrary to applicable law, and SDTF has shown good cause to register the judgment now.

      A.      Upon A Showing of Good Cause, The Court May Order Now That The Judgment Be Registered In New York

Burlington's argument that registration is premature is contrary to the controlling statute, 28 U.S.C. § 1963, which provides that registration may occur prior to an appeal:

> A judgment in an action for the recovery of money or property . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal *or when ordered by the court for good cause shown*.

28 U.S.C. § 1963 (emphasis added). The statute plainly states that a judgment may be registered in another district either when: (1) the judgment has become final by appeal, (2) the time for appeal expires, or (3) good cause is shown. Thus, upon a showing of good cause, the judgment may be registered immediately in another district, regardless of whether a party has appealed the judgment. Burlington's statutory interpretation to the contrary is simply mistaken.

Burlington's argument also is contrary to Congressional intent. In 1988, Congress amended 28 U.S.C. § 1963 to add the provision allowing a judgment to be registered for good cause shown. *See* Judicial Improvements and Access to Justice Act (Pub. L. No. 100-702, 1988). Before the 1988 amendment, the statute did not provide any mechanism to register the judgment in other jurisdictions prior to the exhaustion of appeals and remedies. *Id.* By allowing courts to register a judgment in other jurisdictions at any time for good cause shown, the 1988 amendment sought to prohibit judgment-debtors from delaying enforcement of the judgment. *See Associated Bus. Tel. Sys., Inc. v. Greater Capital Corp.*, 128 F.R.D. 63, 66 (D.N.J. 1989)*, citing* Siegel, *Commentary on 1988 Revision*, 28 U.S.C. § 1963 (West Supp. 1989) ("[P]re-amendment § 1963 … meant … that

4

the judgment debtor was free to take advantage of the delay entailed by the appeal and remove his property from the other district, frustrating potential enforcement there even if his appeal did not succeed."). Burlington's argument therefore is contrary to both the plain meaning of the statute and the intent of the 1988 amendment.

Indeed, Burlington's contrary view – that a party must wait for an appeal to be pending before registering the judgment – would render the good cause basis for registration superfluous. As other courts have noted, such an interpretation of the good cause basis for registration would "thwart[] the goal of the 1988 amendment [of Section 1963] by enabling the judgment-debtor to remove known property from its jurisdiction, prior to the filing of such an appeal." *Garden State Tanning, Inc. v. Mitchell Mfg. Group, Inc.*, Civ. A. No. 98-4789, 2000 WL 1201372, *1-2 (E.D.Pa. 2000), *citing Associated Bus. Tel. Sys., Inc. v. Greater Capital Corp.*, 128 F.R.D. 63, 65-67 (D.N.J. 1989).

In an attempt to support its erroneous interpretation of the statute, Burlington relies on *Educational Employees Credit Union v. Mutual Guar. Corp.*, 154 F.R.D. 233 (E.D.Mo. 1994). Such reliance is misplaced. In *Educational Employees Credit Union*, the court based its decision on four cases that arose in the context of pending appeals. *Id*. at 235, *citing Chicago Downs Assoc., Inc. v. Chase*, 944 F.2d 366, 371 (7th Cir. 1991), *Trustees of Chicago Truck Drivers v. Cent. Transp., Inc.*, 935 F.2d 114, 119-20 (7th Cir. 1991), *Pac. Reinsurance Mgmt. Corp. v. Fabe*, 929 F.2d 1215, 1218-19 (7th Cir. 1991), and *Johns v. Rozet*, 143 F.R.D. 11, 12 (D.D.C. 1992). However, none of those cases *required* that an appeal be pending before a judgment could be registered in another district. Rather, the courts in those cases concluded that a pending appeal would not *prevent* registration of the judgment under 28 U.S.C. § 1963.

For this reason, the court in *Garden State Tanning* distinguished *Educational Employees* and granted plaintiff's motion to register a judgment in another district, notwithstanding the fact that defendant had not yet filed an appeal. *See Garden State Tanning, Inc.*, 2000 WL 1201372 at *1-2 ("[T]his court does not find the *Educational Employees* case compelling … the language of § 1963 does not limit the court's power to order registration in other districts to the time during which an appeal is pending … [thus] we will issue such an order upon a showing of 'good cause.'"). For the same reason, this Court may immediately register the judgment in the United States District Courts in New York upon a showing of good cause.

Burlington's mischaracterization of this Court's opinion in *Johns v. Rozet* also fails. In *Johns v. Rozet*, this Court never required that an appeal must be pending to register a judgment under 28 U.S.C. § 1963. To the contrary, the Court noted that "it has jurisdiction to consider this matter *although* an appeal is pending." 143 F.R.D. 11, 12 (D.D.C. 1992) (emphasis added). Because an appeal was actually pending, registration under 28 U.S.C. § 1963 could not be based on a final appeal or expiration of the time for appeal, but needed to be based upon a showing of good cause. *Id.* at 12-13. In no way does *Johns v. Rozet* require that an appeal be pending before this Court can register the judgment for good cause.

In sum, Burlington is mistaken in its belief that this Court may only register a judgment in another jurisdiction for good cause shown if an appeal is pending. The plain meaning of 28 U.S.C. § 1963 and relevant case law establish that a court may register a judgment in another district for good cause shown, regardless of whether an appeal is currently pending. Therefore, this Court may immediately register confirmation of the arbitration award if SDTF has shown good cause.

    B.    <u>SDTF Has Shown Good Cause</u>

In its Petition, SDTF satisfied this Court's two part test for establishing good cause: (1) an absence of assets in the judgment forum, coupled with the presence of substantial assets in the

registration forum, and (2) refusal or failure to post a supersedeas bond. *See Cheminova v. Griffin*, 182 F. Supp. 2d 68, 80 (D.D.C. 2002). Regarding the first factor, as evidenced in SDTF's Declaration Regarding Location of Assets, Burlington has substantial property located in New York and no assets in the District of Columbia for satisfaction of the judgment on the arbitration award. *See* Declaration Regarding Location of Assets (Attached to the Petition filed on August 30, 2005).

Regarding the second factor – refusal or failure to post a supersedeas bond – in the present case that factor is trumped by the fact that Burlington does not contest confirmation. Thus, Burlington has no basis for an appeal and no reason to post a supersedeas bond.

In addition, Burlington's Affirmation does not challenge SDTF's statement in its Petition that Burlington refuses to pay the award. Indeed, Burlington has actually failed to pay the portion of the award that was due in September. The final arbitration award on August 24, 2005, requires Burlington to pay SDTF a total of $671,472.00 in two tranches: $1,625.00 which was due within thirty (30) days of the date of the award, or September 24, 2005; and, $669,847.00 which is due within sixty (60) days of the date of the award, or October 24, 2005. *See* Award of Arbitrator, *In the Matter of the Arbitration Between SDTF and Burlington*, AAA Docket No. 16 171 00474 03 (Attachment A to the Petition filed on August 30, 2005). Burlington never paid the $1,625.00 owed to SDTF by September 24, 2005. Thus, Burlington has already failed to comply with the arbitration award by refusing to pay the $1,625.00 due on September 24, 2005, and has conceded that it will not pay the $669.847.00 due by October 24, 2005.

A finding that Burlington's conduct satisfies the good cause requirement would be consistent with this Court's ruling in *Cheminova v. Griffin*, 182 F. Supp. 2d 68, 80 (D.D.C. 2002). In *Cheminova,* this Court denied applicant's request to register a similar FIFRA data compensation award outside the District of Columbia under 28 U.S.C. § 1963 only because of the respondent's

"good faith offer to pay the [final arbitration] award or post a bond if so ordered by the Court." *Id.* Unlike the respondent in *Cheminova*, Burlington has stated that it will not pay the arbitration award and has not offered to post a supersedeas bond.

Burlington argues that SDTF has not requested Burlington to post a supersedeas bond. This is true, but beside the point. Because Burlington has not challenged the entry of the judgment that SDTF seeks from the Court, Burlington has no grounds for appeal and, absent a pending appeal, a supersedeas bond is not required. Burlington has no intention to pay the judgment or to post a bond. Rather, Burlington is trying procedural maneuvers to delay enforcement of the award. Thus, there is good cause for the Court to order that the judgment be registered in the United States District Courts in New York.

### Conclusion

For the foregoing reasons, SDTF's Petition to Confirm the Arbitration Award should be granted in its entirety, the Court should enter a judgment confirming the award, and the Court should authorize immediate registration of its judgment in the United States District Courts in New York.

Dated: October 21, 2005

        Respectfully submitted,

        __/s  Peter L. Gray_____

        Peter L. Gray
        D.C. Bar No. 397544
        Taryn G. Kiekow
        D.C. Bar No. 479082

        McKenna Long & Aldridge LLP
        1900 K Street, N.W., Suite 100
        Washington, D.C. 20006
        (202) 496-7500

        Counsel to Claimant, SDTF

## CERTIFICATE OF SERVICE

I hereby certify that copies of Claimant's Reply in Support of its Petition to Confirm Arbitration Award and all exhibits were served by certified first-class mail, postage prepaid, on October 21, 2005 to:

>Robert J. Ansell
>Silverman Perlstein & Acampora LLP
>100 Jericho Quadrangle, Suite 300
>Jericho, NY 11753
>(516) 479-6300
>
>Counsel for Defendant, Burlington
>
>Burlington Bio-Medical Corporation
>71 Carolyn Blvd.
>Farmingdale, NY 11735
>
>Frank P. Monteleone
>Chief Operating Officer
>Burlington Scientific Corporation
>71 Carolyn Boulevard
>Farmingdale, NY  11735-1527
>
>Defendant

>  /s  Peter L. Gray
>
>Peter L. Gray
>D.C. Bar No. 397544
>
>Taryn G. Kiekow
>D.C. Bar No. 479082
>
>McKenna Long & Aldridge LLP
>1900 K Street, N.W., Suite 100
>Washington, D.C. 20006
>(202) 496-7500
>
>Counsel to Claimant, SDTF