UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SPRAY DRIFT TASK FORCE,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| v. | )   Civil Action No. 05-1726 (JGP) |
| | ) |
| **BURLINGTON BIO-MEDICAL CORP.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM OPINION**

This matter comes before the Court on the Petition of Claimant Spray Drift Task Force ("Spray Drift") to Confirm Arbitration Award [1], the Opposition of Defendant Burlington Bio-Medical Corporation ("Burlington") [6], and Spray Drift's Reply [8].[1] Spray Drift seeks a judgment confirming an August 24, 2005 arbitration award ("Award") and authorizing immediate registration of that judgment in other U.S. District Courts for purposes of execution. Upon consideration of those filings and the entire record in this matter, the Court finds that Spray Drift's petition should be granted in full.

**I. Confirmation of the Arbitration Award**

Spray Drift petitions for an order confirming an August 24, 2005 Award issued by James P. Mercurio, an arbitrator appointed by the American Arbitration Association, in a case entitled *In the Matter of the Arbitration Between Spray Drift Task Force and Burlington Biomedical Corporation*, No. 16 171 Y 00474 03. Pet. In brief, the Award required Burlington to pay Spray

---

[1] Claimant has also filed a Motion [9] and an Amended Motion [10] for a Hearing on its Petition. The Court has concluded that a hearing is not necessary.

Drift $671,472, with $1625 due by September 23, 2005, the remainder due by October 23, 2005, and interest to accrue on late payments.  The sum represented the amount the arbitrator determined to be "fair compensation under [the Federal Insecticide, Fungicide, and Rodenticide Act] Section 3(c)(1)(F) for Burlington's reliance, in support of its application for registration of the pesticide carbaryl, upon data that" Spray Drift had previously submitted to the United States Environmental Protection Agency, plus arbitration expenses.  Pet. Attach. A (*Spray Drift Task Force v. Burlington Biomedical Corp.*, No. 16 171 Y 00474 03**,** (Am. Arb. Ass'n Aug. 24, 2005)).  Although Burlington's response is titled an "Affirmation in Support of Opposition to Confirm Arbitration Award", it contains no arguments that confirmation is inappropriate, addressing only the separate issue of whether the Court should immediately register any judgment it enters.  By not opposing the substance of the petition to confirm, Burlington has conceded that confirmation is proper.

Even if Burlington had not conceded the issue, confirmation would still be required.  Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, provides that a party may petition the Court for an order confirming an arbitration award within one year after the award is made.  "[T]hereupon the court must grant such an order unless the award is vacated, modified, or corrected."  9 U.S.C. § 9.  A party seeking to vacate, modify, or correct an arbitration award must file a motion within three months of entry of the award, 9 U.S.C. § 12, which Burlington has not done.  Accordingly, the Court will grant Spray Drift's petition to confirm the Award.

**II. Immediate Registration of the Court's Order Confirming the Award**

In addition to a judgment confirming the Award, Spray Drift seeks immediate registration of that judgment in other U.S. District Courts for the purposes of execution pursuant to 28 U.S.C.

§ 1963. That section provides that a "judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. Spray Drift asserts that good cause for immediate registration exists because Burlington has no assets in the District of Columbia but has assets outside the jurisdiction. Burlington counters that a court may only authorize registration for good cause shown when an appeal is pending. Opp'n ¶ 5. It argues further that the Court's judgment should not be registered because it has neither refused nor failed to post a supersedeas bond, noting that no request to post a supersedeas bond has been made. *Id.* ¶ 10.

In *Cheminova A/S v. Griffin L.L.C.*, the Court held that "[g]ood cause can be established by an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum". *Cheminova A/S v. Griffin L.L.C.,* 182 F. Supp. 2d 68, 80 (D.D.C. 2002) (quoting *Dyll v. Adams*, 1998 WL 60541, at *1 (N.D. Tex. 1998)). Noting that "permission to register should be deferred until after a judgment debtor refuses or fails to post a supersedeas bond", the court relied on debtor's "good faith offer to pay the award or post bond if so ordered" and denied the request for registration. *Id.*

The facts in this case dictate a different result. As in *Cheminova*, the Claimant has submitted a declaration showing that the Defendant has no assets in the district but substantial assets in another jurisdiction. Pet. Attach. ("Decl. Re: Assets"). However, unlike in *Cheminova*, and despite the obvious opportunity to do so created by the filing of this petition, Burlington has offered no assurances that it will pay the Award or comply with a court-ordered bond.

Furthermore, it is unlikely that the opportunity to post a bond will arise. Fed. R. Civ. P. 62(d) permits the filing of a supersedeas bond to obtain a stay of judgment pending appeal. While not prejudging the matter, it is hard to imagine what grounds for appeal Defendant would have given that it challenged neither the Award nor its confirmation.

Burlington's argument that the Court can only authorize registration if an appeal is pending is without merit. The statute itself contains no such limitation, stating that a judgment may be registered "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. The statute's plain meaning is that a judgment may be registered when it has become final or, at any other time, for good cause shown.

Case law to the contrary is not binding on this court and offers no rationale for such a rule. *See Educ. Employees Credit Union v. Mut. Guar. Corp.*, 154 F.R.D. 233 (E.D. Mo. 1994) (noting that "[c]aselaw is extremely scant" on the "good cause" provision of 28 U.S.C. § 1963 and that cases support permitting registration outside the context of a pending appeal but finding "stronger support" for permitting registration only while an appeal is pending); *cf. Johns v. Rozet,* 143 F.R.D. 11 (D.D.C. 1992) (permitting registration of judgment "although an appeal is pending"); *AT & T Corp. v. Pub. Serv. Enterprises of Pa., Inc.*, No. 98 Civ. 6133LAP, 1999 WL 672543 (S.D.N.Y. Aug. 26, 1999) (granting petition to confirm arbitration award and simultaneously permitting registration of that award where plaintiff had shown an absence of resources in the district but resources elsewhere).

Furthermore, Burlington has offered no justification for such a rule. Spray Drift, on the other hand, has offered evidence indicating that the "good cause" provision prevents debtors

from utilizing the delay in execution of the judgment to remove property from another district, thus frustrating potential enforcement. *See Associated Bus. Tel. Corp. v. Greater Capital Corp.*, 128 F.R.D. 63, 65-66 (D.N.J. 1989) (citing Siegel, *Commentary on 1988 Revision*, 28 U.S.C. § 1963 (West Supp. 1989)).

For all these reasons, the Court finds that Spray Drift's showing that Burlington lacks assets in the District of Columbia but possesses assets elsewhere is good cause to authorize the registration of this judgment in other U.S. District Courts.

### III.  Conclusion

For the above stated reasons, the Court shall confirm the Award and enter judgment and permit Claimant to immediately register the judgment in other United States District Courts pursuant to 28 U.S.C. § 1963.

**DATE: March 16, 2005**                                    **JOHN GARRETT PENN**
                                                            **United States District Judge**